LAW OFFICE OF BERNARD R. SCHWAM
Bernard R. Schwam, Esq. SBN-67452
bschwam@sbcglobal.net
16133 Ventura Blvd., Penthouse
Encino, CA 91436
(818) 986-3775, Fax (818) 788-3153

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIN PETERSON,<br><br>   Plaintiff,<br><br>v.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA; AND DOES 1 TO 10, INCLUSIVE,<br><br>   Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**<br><br>[29 U.S.C. Section 1132] |

Plaintiff, LIN PETERSON (hereinafter referred to as "Plaintiff"), complains of Defendant PRUDENTIAL INSURANCE COMPANY OF AMERICA (hereinafter referred to as "PRUDENTIAL" or "Defendants") and Does 1 to 10, inclusive, as follows:

## JURISDICTION AND VENUE

1.  This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (t), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101. et. seq. (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan

regulated and governed under ERISA. Jurisdiction is predicated under these Code Sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff exhausted the appeal process on or about October 13, 2015, at which time she was informed that PRUDENTIAL had denied Plaintiff's second appeal of the denial of her long term disability benefits.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes and thereon alleges that the plan is an employee welfare benefit plan established and maintained by Plaintiff's employer, OFFICE MAX (hereafter referred to as "OFFICE MAX") to provide its employees with group long term disability benefits, to pay a portion of a covered employee's income during a period of disability.

6. Plaintiff is an individual citizen and resident of the City of East Lancaster, County of Los Angeles, State of California, residing within the Central District of the State of California.

7. On information and belief, PRUDENTIAL insures the plan and is contractually obligated to pay benefits for claims covered and approved through the plan.

## FACTUAL AND LEGAL BACKGROUND

8. At all times relevant hereto, Plaintiff, currently age 59, was employed by OFFICE MAX as an Associate, Distribution PMX. Plaintiff worked for OFFICE MAX until she became disabled on March 22, 2014.

COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

9. Plaintiff applied for both short term and long term disability benefits. The short term elimination period was seven days and the long term was six months. Plaintiff stopped working on May 28, 2014 and was hospitalized on June 7, 2014 through June 9, 2014 with the diagnosis of dyspnea and respiratory abnormalities. She, however, was also suffering from cardiac issues including rapid heartbeats and palpitations, arthritis in her lower extremities and subsequent sleep issues with anxiety and depression. Ultimately, she was diagnosed with sleep apnea (witnessed), restless leg syndrome, and other sleep abnormalities including hypersomnia.

10. Defendant paid short term disability benefits from June 5, 2014 until September 8, 2014, at which time they denied her short term benefits.

11. Plaintiff appealed the decision and the denial was upheld, but she was permitted to file a second appeal which she did and which was also denied regarding both short term and long term disability benefits on October 13, 2015, thereby exhausting her administrative remedies.

12. PRUDENTIAL defines disability as:

(a) You are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury and you are under the regular care of a doctor.

13. Defendant initially denied the short term claim on the basis of nothing more than a clinical assessment by a registered nurse employed by PRUDENTIAL. It fails to mention that this registered nurse even reviewed the medical records of Plaintiff's doctors and fails to include that on August 12, 2014, Dr. Nicknam, Plaintiff's treating physician, recommended light duty (sitting job only) at work until further evaluation by cardiology.

14. Defendant has, in their possession, a job description of Plaintiff's occupation as an Associate, Distribution PMX which requires lifting up to 70

pounds on a recurring basis, with lifting, pushing, pulling, and grasping through the work hours. Defendant has agreed this occupation is in the heavy category

15. At a later date, on 1/14/15, in analyzing the short term disability claim on the second review, Dr. Eaton, retained by Defendant, does a record review and picks out one entry in Plaintiff's medical records by Dr. Nicknam, dated 8/22/14, "light duty, sitting job only for three weeks" but ignores subsequent entries contained in the administrative record, entries dated 10/28/14, 11/11/14 and 11/26/14 by Dr. Nicknam that a sitting job with standing and walking is tolerated. On 11/26/14, a detailed form is completed by Dr. Nicknam stating that Plaintiff is now able to return to work with the restriction of light duty only with no prolonged standing or walking (less than 20% of shift) and five pound weight restriction. Obviously with these restrictions, based on the heavy weight requirements, Plaintiff is totally disabled, both on short term and long term claims.

16. Plaintiff further alleges that Dr. Nicknam prescribed a cane to be used by Plaintiff on 12/16/14 for her arthritis. This is contained in the administrative record. Also, the medical records show reports of ankle swelling, palpitation, fatigue and positive signs of sleep apnea and restless leg syndrome.

17. Likewise the records from Plaintiff's cardiologist provide the following assessments:

(a) Shortness of breath.

(b) Chest pain.

(c) Palpitation.

(d) Peripheral vascular disease.

(e) Dizziness.

18. By contrast, Defendant never had Plaintiff examined by a doctor of their choosing and relied solely on two record reviews. Also, neither of those physicians ever contacted Plaintiff's treating physicians regarding their opinions.

Defendant, in denying the appeal, never even disclosed to Plaintiff, who was then not represented by an attorney, that her doctors' opinions regarding her disability status were reviewed and that they were favorable to her.

## FIRST CLAIM FOR RELIEF

### For Damages and Benefits Against Defendant PRUDENTIAL

### (Pursuant to 29 U.S.C. Section 1132(a)(1))

19. Plaintiff repeats and realleges each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

20. Plaintiff contends that whether or not there is discretionary language in the Plan, the standard of review is de novo due to the operation of Insurance Code Section 10110.6 (effective January 1, 2012) which states:

> "If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable."

21. Since Plaintiff's long term disability benefits were denied on April 20, 2016, Insurance Code Section 10110.6 applies

22. As a direct and proximate result of PRUDENTIAL's wrongful denial of STD and LTD benefits, Plaintiff contends that PRUDENTIAL has breached the contract by not paying short term weekly benefits, payable at a rate of $463.00 per week from September 8, 2014 until December 4, 2015. Thereafter, LTD benefits are payable at the rate of 60% of Plaintiff's salary of $2,550.00 per month equal

$1,530.00 per month less offsets of $1,155.00 for a net LTD benefit of $375.00 per month.

23. As a further direct and proximate result of the denial of benefits, and due to Defendants' unreasonable denial, Plaintiff had to engage the services of attorneys to assist her in recovering benefits due her, under the terms of the LTD plan. Accordingly, Plaintiff is further entitled to reasonable attorney's fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(1).

**WHEREFORE,** Plaintiff demands judgment against Defendants, and each of them, as follows:

1. Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for short term monthly benefits, payable at a rate of $463.00 per week from September 8, 2014 until December 4, 2015. Thereafter, LTD benefits payable at the rate of 60% of Plaintiff's earnings of $2,550.00 per month equals $1,530.00 per month less offsets of $1,155.00 per month for a net LTD benefit of $375.00 per month as may be proven.

2. Interest on said amounts in accordance with law;

3. For reasonable attorney's fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

4. For any further relief that the court deems reasonable and just.

DATED: October 14, 2016    LAW OFFICE OF BERNARD R. SCHWAM


By: /s/ Bernard R. Schwam
BERNARD R. SCHWAM
ATTORNEY FOR PLAINTIFF
LIN PETERSON

**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**